## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SHOTBLAST SOUTHWEST, INC.,**

    Plaintiff,

    vs.                                              No. 1:08-cv-0398 MCA/RLP

**WASTE CONTROL SPECIALISTS LLC,**

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's "*Motion for Court to Determine Jurisdiction*" [Doc. 7], filed May 27, 2008, and upon the Court's *sua sponte* review of the record. Also before the Court are: *Defendant Waste Control Specialists LLC's Motion to Dismiss Counts VII – IX of the Complaint* [Doc. 3], filed April 21, 2008, and Plaintiff's *Motion to Extend Time to Respond to Motion to Dismiss Until Court Addresses Jurisdiction of this Case* [Doc. 8], filed May 27, 2008.[1] Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that jurisdiction cannot be evaluated from the current submissions, and that additional information is necessary. Plaintiff's request to determine jurisdiction therefore should be **GRANTED**.

---

[1] None of the motions filed in this case indicate that an effort was made to obtain the concurrence of opposing counsel. The parties may not simply presume that a motion is opposed. The Court takes this opportunity to remind the parties, who are both represented by counsel, of the requirement to determine whether a motion is opposed. D.N.M.LR-Civ. 7.1(a) (motion that omits recitation of a good faith request for concurrence may be summarily denied).

1

**I.      BACKGROUND**

On March 12, 2008, Plaintiff Shotblast Southwest, Inc. ("Shotblast") filed a civil action in state court against Defendant Waste Control Specialists, LLC ("WCS"). *Plaintiff's Verified Complaint for Monetary Damages with Nine Counts Resulting from a Contract for Services and Liability Resulting from Exposure to Toxic Emissions* ("Complaint") asserts various contract and tort claims arising from a contract to apply a coating to a concrete slab at WCS's toxic waste disposal facility in or near Eunice, New Mexico.  WCS removed the case to federal court on April 18, 2008, on the basis of diversity jurisdiction.  [Doc. 1.]

Shotblast alleged in its Complaint that it is a New Mexico corporation [Doc. 1-4 at 2 (Compl. ¶ 2)] and that WCS is a Delaware corporation based in Texas [Id. at 3 (Compl. ¶¶ 9, 11)].  However, Shotblast now challenges the assertion that WCS's principal place of business is Texas, claiming that its principal place of business may actually be New Mexico. [Doc. 7.]  Shotblast's motion requests the Court "resolve the issue of jurisdiction prior to requiring further proceedings in this case" so as to "determine whether or not the case will remain in Federal Court or be remanded to State Court."  [Doc. 2 at 2.]

The source of Shotblast's concern is the "bare allegation" in the Notice of Removal that WCS's principal place of business is Texas.  According to Shotblast, it is WCS's "burden to prove diversity, not...merely to allege a principal place of business in another state for a company with a different name 'Andrews Holdings', who is not the named Defendant in this case."  [Doc. 7 at 1.]

**II.     ANALYSIS**

The Court has an independent duty to satisfy itself that jurisdiction exists. <u>Lance v. Coffman</u>, 549 U.S. 437, 127 S.Ct. 1194, 1196 (2007); <u>Kennedy v. Lubar</u>, 273 F.3d 1293, 1301 n.10 (10th Cir. 2001). Here, the alleged basis for jurisdiction is diversity of citizenship.

Pursuant to 28 U.S.C. § 1332, "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between...citizens of different States...." 28 U.S.C. § 1332(a). Cases over which the district courts have original jurisdiction may be removed from state court to federal court. 28 U.S.C. §1444. The burden is on the party seeking to remain in federal court to show jurisdiction by a preponderance of the evidence. <u>Karnes v. Boeing Co.</u>, 335 F.3d 1189, 1194 (10th Cir. 2003); <u>see also</u> <u>State Farm Mut. Auto. Ins. Co. v. Dyer</u>, 19 F.3d 514, 518 (10th Cir. 1994) (holding that once averment of diversity is challenged, burden is on party invoking jurisdiction to show that it exists).

It is undisputed that Shotblast is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico. [Doc. 1-4 at 1 (Compl. ¶ 2).] It is therefore a New Mexico citizen for purposes of diversity jurisdiction. If WCS is also a citizen of New Mexico, then the parties are not diverse and the Court lacks jurisdiction.[2]

To support removal, WCS attached the Affidavit of Rodney A. Baltzer to its Notice of Removal. [Doc. 1-3.] Mr. Baltzer states that he is the president of WCS at its corporate

---

[2] It is apparent from Shotblast's Complaint that the amount in controversy requirement is met. Shotblast claims WCS owes the following amounts: $19,000 in unpaid invoices [Doc. 1-4 at 11 (Compl. ¶ 45)], $12,187.50 in gross receipt tax [Id. (Compl. ¶ 46)], $10,863 for various expenses incurred due to delay [Id. at 11–12 (Compl. ¶47)], and $56,000 in liquidated damages [Id. at 12 (Compl. ¶ 49)].

offices in Dallas, Texas. [Doc. 1-3 at 2 (Baltzer Aff. ¶ 2).] He further states that WCS is a Delaware limited liability company whose sole member is Andrews County Holdings, Inc. [Doc. 1-3 at 3 (Baltzer Aff. ¶¶ 6–7).] Andrews County Holdings, Inc., in turn, is a Delaware corporation which, according to Mr. Baltzer, also maintains its principal place of business in Dallas, Texas. [Doc. 1-3 at 3 (Baltzer Aff. ¶ 6).]

The Court accepts the unchallenged assertion that Defendant WCS is a limited liability company, not a corporation as alleged in the Complaint, and that its only member is a corporation called Andrews County Holdings, Inc.[3] In the case of a limited liability company, the relevant citizenship for diversity purposes is that of the company's members. See Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (holding that for diversity purposes, limited liability companies are analogous to partnerships); see also Hale v. Mastersoft Int'l Pty. Ltd., 93 F.Supp.2d 1108, 1112 (D. Colo. 2000) (collecting cases); cf. Depex Reina P'Ship v. Tex. Int'l Petroleum Corp., 892 F.2d 461, 463 (10th Cir. 1990) (holding that a partnership is a citizen of each state in which a partner is a citizen); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) (holding that "the citizenship of an unincorporated association is the citizenship of the individual members of the association"). Because limited liability companies take on the citizenship of their members, WCS's citizenship is determined by the citizenship of Andrews County Holdings, Inc., a corporation.

A corporation is "deemed to be a citizen of any State by which it has been

---

[3] That WCS is a limited liability company is also reflected in the caption of Shotblast's Complaint.

incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). There is no challenge to the assertion that Andrews County Holdings, Inc. is a Delaware corporation, as stated in Mr. Baltzer's affidavit. Andrews Holding Company, Inc. is therefore deemed a citizen of Delaware for purposes of diversity jurisdiction.

Shotblast does, however, challenge the Defendant's principal place of business. Shotblast claims that it was led to believe that it was dealing with a New Mexico citizen and the Complaint alleges that WCS maintains a facility in New Mexico. [Doc. 1-4 at 3–4.] Although Shotblast's attack is directed at WCS's principal place of business, as discussed above, it is Andrews County Holdings, Inc.'s principal place of business that is relevant. Mr. Baltzer's affidavit states that Andrews County Holdings, Inc. "maintains its principle [sic] place of business in Dallas, Texas."

In the Tenth Circuit, a corporation's principal place of business is determined by the "total activity test" adopted in Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915 (10th Cir. 1993). It is a question of fact that involves evaluating a number of factors such as "the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations." Gadlin v. Sybron, Int'l Corp., 222 F.3d 797, 799 (10th Cir. 1999). The determination "does not hinge on one particular facet of corporate operations" but is based on a variety of factors, including "the location of the corporation's nerve center, administrative offices, production facilities, employees, etc." Shell Rocky Mountain Prod., LLC v. Ultra Res, Inc., 415 F.3d 1158, 1162 (10th Cir. 2005) (quotations omitted); see also Amoco Rocmount, 7 F.3d at 915, n.2 (stating that a corporation's principal place of business

5

is located in "the state where a substantial part of its business is transacted and from which centralized general supervision..is exercised.").

This list of factors is not exhaustive, but suffice to say that once the allegations supporting diversity have been challenged, as they have in this case, WCS cannot meet its burden with the single conclusory statement contained in its Notice of Removal. WCS must do more than a conclusory statement to the effect that Andrews County Holdings, Inc.'s principal place of business is in Dallas, Texas. Neither the affidavit, nor WCS's Notice of Removal, nor WCS's response to Shotblast's motion provides the facts upon which this conclusion is based. In short, WCS has failed to identify <u>any</u> facts that would enable the Court to perform the analysis necessary to determine Andrews County Holdings, Inc.'s principal place of business under the total activity test, as the Court is required to do. Mr. Baltzer's affidavit simply is not sufficient for WCS to sustain its burden of establishing that the parties are diverse.

In this case, the allegations supporting diversity have been challenged, albeit weakly. If Andrews County Holdings, Inc.'s principal place of business is New Mexico, diversity is destroyed and the Court lacks subject matter jurisdiction. The Court therefore concludes that this matter should not proceed unless WCS establishes by a preponderance of the evidence that the parties are diverse.

## III.   CONCLUSION

For the foregoing reasons, the Court concludes that there is insufficient information in the record upon which to determine whether the Court has jurisdiction, specifically,

whether the parties are diverse.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "*Motion for Court to Determine Jurisdiction*" [Doc. 7], filed May 27, 2008 is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Waste Control Specialists, LLC shall, no later than January 12, 2009, supplement the record with evidence sufficient to establish its claim that Andrews County Holdings, Inc. has its principal place of business in Texas;

**IT IS FURTHER ORDERED** that Plaintiff Shotblast Southwest, Inc., may respond to Defendant's supplemental evidence no later than January 26, 2009;

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Extend Time to Respond to Motion to Dismiss Until Court Addresses Jurisdiction of this Case* [Doc. 8], filed May 27, 2008 is **GRANTED**;

**IT IS FURTHER ORDERED** that **Ruling is Deferred** on *Defendant Waste Control Specialists LLC's Motion to Dismiss Counts VII – IX of the Complaint* [Doc. 3], filed April 21, 2008.

**SO ORDERED** this 23rd day of December 2008**,** in Albuquerque, New Mexico.

                                              **M. CHRISTINA ARMIJO**
                                              United States District Judge