IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHOTBLAST SOUTHWEST, INC.,**

    Plaintiff,

vs.                                                      No. 1:08-cv-0398 MCA/RLP

**WASTE CONTROL SPECIALISTS LLC,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the filing of *Defendant Waste Control Specialists LLC's Memorandum Supplementing the Record Regarding Diversity Jurisdiction* [Doc. 13], filed January 12, 2009 ("Supplement"). The Court concludes that Defendant's Supplement provides sufficient evidence to establish that the parties are diverse. The Court therefore will retain jurisdiction of this matter and order briefing to resume on *Defendant Waste Control Specialists LLC's Motion to Dismiss Counts VII – IX of the Complaint* [Doc. 3], filed April 21, 2008.

**I.    BACKGROUND**

Defendant removed this matter from state court to federal court on April 18, 2008, on the basis of diversity jurisdiction. Plaintiff thereafter filed a "*Motion for Court to Determine Jurisdiction*" [Doc. 7], filed May 18, 2008, in which Plaintiff challenged the allegation that Defendant's principal place of business is in Texas and suggested that the principal place of business may actually be New Mexico. Upon reviewing the record, the Court granted

1

Plaintiff's motion because, while it is undisputed that Plaintiff is a citizen of New Mexico for diversity purposes, there was insufficient information from which to determine whether Defendant is a citizen of Texas, as it alleged.

As explained in the Court's *Memorandum Opinion and Order* [Doc. 12], determining Defendant's citizenship for diversity purposes, requires the Court to determine the principal place of business of Defendant's sole member, Andrews County Holdings, Inc ("ACHI"). To determine the principal place of business of ACHI, the Court must apply the "total activity test" adopted in Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915 (10th Cir. 1993).

Given the paramount importance of establishing jurisdiction before proceeding with the case, the Court directed Defendant to supplement the record with evidence to support its claim that the principal place of business of ACHI is Texas. Plaintiff was afforded an opportunity to respond to Defendant's evidence. Defendant timely filed its Supplement on January 12, 2009. Plaintiff failed to respond by the January 26, 2009 deadline, and the record reflects that Plaintiff has neither requested an extension nor filed any response to Defendant's Supplement.

**II.    ANALYSIS**

It is undisputed that Plaintiff is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico. [Doc. 1-4 at 1 (Compl. ¶ 2).] It is therefore a New Mexico citizen for purposes of diversity jurisdiction. If Defendant is also a citizen of New Mexico, then the parties are not diverse and the Court lacks jurisdiction. As discussed above,

Defendant, a limited liability company, takes on the citizenship of its sole member, ACHI. See Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (holding that for diversity purposes, limited liability companies are analogous to partnerships); see also Hale v. Mastersoft Int'l Pty. Ltd., 93 F.Supp.2d 1108, 1112 (D. Colo. 2000) (collecting cases); cf. Depex Reina P'Ship v. Tex. Int'l Petroleum Corp., 892 F.2d 461, 463 (10th Cir. 1990) (holding that a partnership is a citizen of each state in which a partner is a citizen); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) (holding that "the citizenship of an unincorporated association is the citizenship of the individual members of the association").

ACHI, which is a corporation, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The Court has previously determined that ACHI is a Delaware corporation. [Doc. 12 at 5.] Thus, all that remains is to apply the total activity test to determine ACHI's principal place of business.

A corporation's principal place of business is a question of fact that involves evaluating a number of factors such as "the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations." Gadlin v. Sybron, Int'l Corp., 222 F.3d 797, 799 (10th Cir. 1999). The determination "does not hinge on one particular facet of corporate operations" but is based on a variety of factors, including "the location of the corporation's nerve center, administrative offices, production facilities, employees, etc." Shell Rocky Mountain Prod., LLC v. Ultra Res, Inc., 415 F.3d 1158, 1162

(10th Cir. 2005) (quotations omitted); see also Amoco Rocmount, 7 F.3d at 915, n.2 (stating that a corporation's principal place of business is located in "the state where a substantial part of its business is transacted and from which centralized general supervision..is exercised.").

To support its claim that ACHI's principal place of business is Texas, Defendant has supplemented the record with the Affidavit of William J. Lindquist, who serves on ACHI's board of directors and is its Senior Vice President. [Doc. 13-2, ¶ 2.] According to Mr. Lindquist, "ACHI is a holding company that was formed for the purpose of investing in companies that own and/or operate facilities in the waste management industry." [Id., ¶ 9.] The company's corporate office is located in Dallas, Texas, and all 18 corporate officers work there. [Id., ¶¶ 5, 6.] Furthermore, all of ACHI's "corporate, business, administrative, and financial decision making" takes place in the Dallas, Texas corporate office. [Id., ¶ 10.] All Board of Directors meetings are conducted there, and all corporate records are maintained there. [Id.] Plaintiff has not submitted any evidence to the contrary, nor attempted to show that ACHI's principal place of business is any place other than Texas.

The Court finds that ACHI's principal place of business is Texas. The Court further finds that Defendant has met its burden of showing, by a preponderance of the evidence, that the parties are diverse.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the parties are diverse and that it has jurisdiction over this matter. The Court further concludes that briefing on *Defendant Waste Control Specialists LLC's Motion to Dismiss Counts VII – IX of the Complaint*, which

4

was suspended while the Court resolved the question of jurisdiction, should resume forthwith.

**IT IS, THEREFORE, ORDERED** that, no later than February 24, 2009, Plaintiff shall file a response to *Defendant Waste Control Specialists LLC's Motion to Dismiss Counts VII – IX of the Complaint* [Doc. 3], filed April 21, 2008;

**IT IS FURTHER ORDERED** that Defendant Waste Control Specialists, LLC may, no later than fourteen (14) calendar days after the filing of Plaintiff's response, file a reply thereto.

**SO ORDERED** this 10th day of February 2009**,** in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge